IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NATIONAL HEALTH CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | NO. 1:23-cv-00074 ) ) |
| MARIE JODEL HALASAN MONTALVO, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 8). Defendant filed a Response in opposition. (Doc. No. 12). For the reasons stated herein, Plaintiff's Motion to Remand is **DENIED**.

### I. PROCEDURAL BACKGROUND

Plaintiff National Health Corporation filed suit against Defendant Marie Jodel Halasan Montalvo in Giles County Chancery Court on October 3, 2023 asserting claims for breach of contract and unjust enrichment. (Doc. No. 1-1). Defendant removed this case from Giles County Chancery Court on October 27, 2023, invoking diversity jurisdiction as grounds for removal. (Doc. No. 1). Plaintiff filed its Motion to Remand on the grounds that the amount in controversy does not exceed $75,000, exclusive of costs and interests. (Doc. No. 8). In Response, Defendant argues against remand on the grounds that the jurisdictional amount is satisfied. (Doc. No. 12).

### II. LAW AND ANALYSIS

A defendant may remove a civil action from state court to federal district court if the district court would have had subject matter jurisdiction had the case originally been filed there. 28 U.S.C.

§1441. The burden of showing that removal is proper falls on the defendant as the removing party. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). If the plaintiff disputes that removal is proper, it can move to remand. 28 U.S.C. § 1447(c).

In responding to a motion to remand, "the burden [is] on the party seeking to remove the case to federal court 'to show by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Halsey v. AGCO Corp.*, 755 F. App'x 524, 526 (6th Cir. 2018). In doing so, the defendant needs to "'show that it is more likely than not that the plaintiff's claims' exceed $75,000." *Id.* at 527 (internal citations omitted). In deciding this question, the court must "determine[] whether it is more likely than not that the object of the litigation exceeds $75,000." *City of Murfreesboro v. BFI Waste Sys.*, Case No. 3:23-cv-00654, 2023 U.S. Dist. LEXIS 187058, *11 (M.D. Tenn. 2023).

Additionally, "the amount claimed by plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Mem'l Hall Museum v. Cunningham*, 455 F. Supp. 3d 347, 354 (W.D. Ky. 2020) (quoting *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000)).

Here, Plaintiff's Complaint seeks damages of $33,333.33, plus reasonable attorneys' fees and interest. (Doc. No. 1-1). Contractual attorneys fees may be considered in determining the amount in controversy. *ERAS, LLC v. Shea*, No. 08-41-JBC, 2008 U.S. Dist. LEXIS 49922, at *9 (E.D. Ky. 2008) ("Attorneys' fees are considered for purposes of calculating the amount in controversy when such fees are provided for by contract. *Williamson v. Aetna Life Ins. Co.*, 481 F. 3d 369, 376 (6th Cir. 2007).").

As Defendant correctly asserts in her opposition to the Motion to Remand, while the actual damages fall short of the $75,000 jurisdictional amount, Plaintiff's demand for her attorneys' fees

under the contract at issue makes the amount in controversy more likely than not in excess of $75,000.

Finding that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of costs and interest, Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE