IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| NATIONAL HEALTH CORPORATION, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARIE JODEL HALASAN MONTALVO, ) <br> ) <br>    Defendant. ) | NO. 1:23-cv-00074 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Marie Jodel Halasan Montalvo's Motion to Dismiss Plaintiff's Complaint. (Doc. No. 10). Plaintiff filed a response in opposition. (Doc. No. 13). For the reasons discussed below, Defendant's Motion to Dismiss will be **DENIED**.

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are

central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

Plaintiff has asserted claims against Defendant for breach of contract and unjust enrichment related to a Nursing Employment Agreement (the "Agreement") entered into between the parties in September of 2021. (Doc. No. 1-1). Plaintiff alleged that Defendant was formerly employed at National Health Corporation's ("NHC") Pulaski, Tennessee location. (*Id.*) Plaintiff also alleged that the Agreement required Defendant to work at the assigned NHC facility full time for a period of not less than three years. (*Id.*) Plaintiff further alleged that Defendant began her employment at NHC on February 16, 2023 and resigned her employment on September 8, 2023. (*Id.*) Plaintiff seeks damages from Defendant in the amount of $33,333.33, in addition to attorneys' fees and interest. (*Id.*).

Defendant seeks dismissal of Plaintiff's claims on the grounds that Plaintiff's Complaint fails to state a claim for which relief may be granted. (Doc. No. 10). Specifically, Defendant asserts that (1) Plaintiff's Complaint makes incorrect and conclusory allegations regarding Plaintiff's alleged damages; (2) the only damages Plaintiff alleges are liquidated damages, which Defendant asserts are void as penalty under Tennessee law; (3) the Agreement is void against public policy because it violates multiple federal and state statutes; and (4) Plaintiff cannot state a claim for unjust enrichment because Plaintiff has not established that it was not justly compensated for any benefit Defendant allegedly received. (Doc. No. 10).

Under Tennessee law, "[t]he essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Arc LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (internal citation and quotations omitted).

Here, accepting all allegations in Plaintiff's Complaint as true, Plaintiff's Complaint states a claim for breach of contract for which relief can be granted. Because Plaintiff can plead alternative theories of liability (Doc. No. 1-1), Plaintiff has also pled a claim for unjust enrichment.

Accordingly, Defendant's Motion to Dismiss (Doc. No. 10) will be **DENIED**. An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE